UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

Hassan Crawford

Plaintiff,

vs.

James Lawrence,

Joel Lackey,

National Credit Systems et. al.,

Defendants.
)

Case Number:_____

COMPLAINT 1:23CV192.

DEMANDS TRIAL BY JURY

JUDGE COLE

MAGISTRATE JUDGE BOWMAN

RECEIVED

APR - 4 2023

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER COLLECTION PRACTICES ACT, THE OHIO DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, National Credit Systems et. al., (hereafter "CA"), James

violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Ohio Consumer Sales Practices Act (ss 1345 (hereafter "OCSPA")), and the Ohio Deceptive and Unfair Trade Practices Act (ss 1345.02 et. seq. (hereafter "ODUTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

**JURISDICTION AND VENUE**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper, because many of the relevant events occurred within Hamilton County in the State of Ohio, which is located within this District.

3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent

possible, injunctive and declaratory relief.

**PARTIES**

5. The Plaintiff is a natural person residing within Hamilton County, in Ohio.

6. The Defendant National Credit Systems et. al., is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.

7. The Defendants James Lawrence and Joel Lackey, are employees of the Defendant National Credit Systems et. al., and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on behalf of Helvey & Associates Inc.,.

8. All Defendants are considered a "person", under Ohio Statute 1.59(C).

**FACTS**

9. Plaintiff requested validation of an alleged debt on and around February 8, 2023 after noticing a reported alleged debt from the defendant(s) on plaintiff's credit report (hereafter "the alleged debt")

10. Plaintiff is therefore a "consumer," as defined by Ohio Statute 13.45(D).

11. When the Plaintiff noticed the report on plaintiff's credit report, plaintiff complained about not having enough information to properly dispute the alleged debt to National Credit Systems et. al., James Lawrence and Joel Lackey. Mr. Lawrence and Mr. Lackey never responded to plaintiff's request for validation yet still to the present day continues to report the disputed alleged debt on plaintiff's credit report.

12. More damages were sustained to plaintiff's credit file during the validation period of February 2023, and the subsequent collection activities carried out by the Defendant(s). These damages included, but were not limited to, FDCPA, FCRA, and damage to plaintiff's creditworthiness by other conspirators, agents, servants and employees of the defendant(s).

13. The Plaintiff filed suit on and around April 3, 2023, after giving notice of validation request, in accordance with the FDCPA. Before filing, the Plaintiff emailed the defendant(s) on and around February 27, 2023, along with a letter detailing the Plaintiff's intent to sue.

14. The requested information was not returned within 5 days, nor was the Plaintiff notified within 5 days by certified mail at his last known address, that Helvey & Associates Inc., intended to provide validation and remove the negative information off plaintiff's credit report until a proper investigation could be had, as required by the FDCPA and FCRA.

15. On and around February 7, 2023, the defendant National Credit Systems et. al., James Lawrence, Joel Lackey, reported to the 3 credit bureaus on Plaintiff's credit report, claiming a debt of $241.00.

16. The purported account is a "debt", as defined by 15 U.S.C. § 1692a (5).

17. The Plaintiff sent a dispute and request for validation to National Credit Systems et. al., James Lawrence, Joel Lackey, on February 8, 2023. This notice was sent via email. It was received at the offices of National Credit Systems et. al., on February 8, 2023.

18. The Plaintiff responded again to the continued reporting with a more detailed dispute of the claims made by National Credit Systems et. al., James Lawrence, Joel

Lackey, specifically disputing the charges placed on plaintiff's credit report as they related to the alleged debt. The letter was received at the offices of National Credit Systems et. al., on February 27, 2023.

19. At no time did National Credit Systems et. al., James Lawrence, Joel Lackey, inform the Plaintiff that this dispute was frivolous or irrelevant, nor did they inform him that more information was needed to investigate the dispute.

20. On February 2, 2023, National Credit Systems et. al., placed a tradeline in the Plaintiff's credit bureau reports, claiming a balance of $241. This tradeline did not contain any indication that it was disputed by the consumer.

21. In February of 2023, the Plaintiff disputed the tradeline that had been placed on his Equifax/Experian/Transunion credit report by National Credit Systems et. al., James Lawrence, Joel Lackey. The results of the investigation that was completed on and around February 28, 2023, indicated that National Credit Systems et. al., James Lawrence, Joel Lackey, verified to Equifax/Experian/Transunion that the tradeline was complete and accurate, even though the tradeline still appears on the Plaintiff's Equifax/Experian/Transunion Credit report and no actual accounting or proof of authority to collect the alleged has been provided to plaintiff.

23. Even though National Credit Systems et. al., James Lawrence, Joel Lackey had actual knowledge that the amount they were trying to collect was false, they still conspired to damage the Plaintiff's reputation for credit worthiness by reporting a tradeline that was not complete and accurate, even though they had received multiple reinvestigation requests from the consumer, and from the credit reporting agencies Equifax/Experian/Transunion about another debt collection agency claiming to have

authority to collect the same alleged debt for the alleged original creditor.

24. National Credit Systems et. al., James Lawrence, Joel Lackey reported this tradeline which they knew to be reasonably disputed to the credit reporting agencies, without notifying the agencies about the existence of the dispute.

25. James Lawrence and Joel Lackey, while acting in their capacities as representatives of their employer, did conspire to attempt to enforce a debt when he had sufficient knowledge to know that the claim was not legitimate.

## COUNT 1- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. The allegations of paragraphs 1 through 25 of this Complaint are realleged and incorporated by reference.

27. The defendants National Credit Systems et. al., James Lawrence and Joel Lackey are debt collectors, as defined by [15 U.S.C. § 1692a(6)](15 U.S.C. § 1692a(6)).

28. The defendants National Credit Systems et. al., James Lawrence and Joel Lackey, violated the FDCPA by:

29. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt

30. Violations of § 1692e (8) communicating information which is known to be false

31. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

## COUNT 2- VIOLATIONS OF THE

## FAIR CREDIT REPORTING ACT

32. The allegations of paragraphs 1 through 25 of this Complaint are realleged and incorporated by reference.

33. National Credit Systems , regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

34. National Credit Systems , did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

35. National Credit Systems , failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(1).

36. National Credit Systems , failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(1) after the Plaintiff's notice of dispute was received at the offices of Collection Agency.

37. National Credit Systems ,failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(1)(D).

38. National Credit Systems , failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(1).

39. National Credit Systems , in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and

complete on two different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of Helvey & Associates Inc..

## COUNT 3- VIOLATIONS OF THE OHIO CONSUMER COLLECTION PRACTICES ACT

40. The allegations of paragraphs 1 through 25 of this Complaint are realleged and incorporated by reference.

41. National Credit Systems et. al., violated Ohio Statute 1349, by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.

42. National Credit Systems et. al., violated Ohio Statute 1349, by disclosing to Equifax/Transunion/Experian information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

43. The Defendants National Credit Systems et. al., James Lawrence and Joel Lackey violated Ohio Statute 1349, by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

44. The Defendants National Credit Systems et. al., James Lawrence and Joel Lackey

violated Ohio Statute 1349, as evidenced by the fact that Brent Beyers and Helvey & Associates Inc., while acting as authorized agents for their employers, each disclosed information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

45. National Credit Systems et. al., James Lawrence and Joel Lackey failed to enact reasonable rules, policies, procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.

46. The Defendants each separately and individually violated Ohio Statute 1349, by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

47. The Defendants each separately and individually violated Ohio Statute 1349, by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

## COUNT 4- VIOLATIONS OF THE OHIO DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

48. The allegations of paragraphs 1 through 25 of this Complaint are realleged and incorporated by reference.

49. The actions stated herein and carried out by the defendants were violations of Ohio State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by state statute 501.203 (3).

50. Unfair and/or deceptive trade practices are a violation of the Ohio Deceptive and Unfair Trade Practices Act pursuant to 1345.02.

## COUNT 5- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. The allegations of paragraphs 1 through 25 of this Complaint are realleged and incorporated by reference.

52. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

53. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the Ohio Consumer Collection Practices Act, and the Ohio Deceptive and Unfair Trade Practices Act.

For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

For an order awarding actual damages in the following amount:

1. Against National Credit Systems et. al., in the amount of $200.

2. Against James Lawrence, in the amount of $200.

3. Against Joel Lackey, in the amount of $200.

(B) For an order awarding statutory damages in the following amounts:

1. Against National Credit Systems et. al., for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000.

2. Against James Lawrence, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000.

3. Against Joel Lackey, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000, for violations of the Ohio Consumer Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000.

(C) For an order awarding punitive damages as follows:

1. Against National Credit Systems et. al., in the amount of $15,000.

2. Against James Lawrence, in the amount of $2,500.

3. Against Joel Lackey, in the amount of $2,500. And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

Respectfully Submitted,

By: *Hassan Crawford* _____ authorized representative

Hassan Crawford

11457 Chester Rd. Ste. 121

Cincinnati, OH 45246

he4less@gmail.com