UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HASSAN CRAWFORD,

    Plaintiff,

v.

JAMES LAWRENCE, *et al.*,

    Defendants.

Case No. 1:23-cv-192
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Plaintiff Hassan Crawford alleges that National Credit Systems, Inc. (NCS) and two of its employees—James Lawrence and Joel Lackey—engaged in debt collection practices that violate the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; Ohio Revised Code Chapter 1349;[1] and the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev. Code § 1345.01 *et seq.* (Compl., Doc. 3, #31–32). Based on allegedly improper collection efforts, he asserts five counts against the three Defendants: one count for violating each of the four statutes, along with a fifth count for intentional infliction of emotional distress (IIED). (*Id.* at #36–40).

---

[1] Crawford labels Count 3 of his Complaint as falling under the "Ohio Consumer Collection Practices Act." The statute he cites in that count, however, is Ohio Revised Code Chapter 1349. That Chapter is simply entitled "Consumer Protection." Similarly, he refers to Ohio Revised Code § 1345.02 as "the Ohio Deceptive and Unfair Trade Practices Act" in Count 4. That section, however, is instead properly referred to as part of the Ohio Consumer Sales Practices Act. The Deceptive Trade Practices Act is located in Ohio Revised Code Chapter 4165.

Defendants have moved to dismiss Crawford's Complaint pursuant to either Federal Rule of Civil Procedure 12(b)(1), (b)(5), or (b)(6), arguing that Crawford (1) did not serve Lawrence or Lackey properly, (2) has not demonstrated standing to sue, and (3) has failed to state a claim on which relief can be granted. (Doc. 8). For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 8). The Court thus **DISMISSES** Crawford's Complaint (Doc. 3) **WITHOUT PREJUDICE** for lack of standing. But the Court **GRANTS** Crawford thirty days to move for leave to file an amended complaint, in which motion he shall address the deficiencies the Court identifies below and attach his proposed amended complaint.

## BACKGROUND

Crawford alleges that he contacted Defendants seeking validation of a debt that he saw on his credit report on or around February 8, 2023. (Doc. 3, #33–34). But he says Defendants never responded to his two requests for validation and continued to include the disputed debt in his credit report without any notation that it was disputed. (*Id.* at #33–35). Accordingly, Crawford says he suffered damages "[i]nclud[ing], but [] not limited to, FDCPA [violations], FCRA [violations], and damage to plaintiff's creditworthiness by other conspirators, agents, servants and employees of the defendant(s)." (*Id.* at #34).

Based on those allegations, Crawford filed suit and moved to proceed in forma pauperis (IFP). (Doc. 1). Because he is proceeding pro se, his case was referred to a Magistrate Judge under this Court's General Order Cin 22-02. The Magistrate Judge granted Crawford's motion to proceed IFP (Order, Doc. 2) and his Complaint was

2

entered on the docket that same day (Doc. 3). The Complaint asserts that "[e]ven though National Credit Systems et. al., James Lawrence, Joel Lackey had actual knowledge that the amount [of debt] they were trying to collect was false, they still conspired to damage the Plaintiff's reputation for credit worthiness [sic] by reporting a tradeline that was not complete and accurate." (*Id.* at #35). So it alleges that Defendants' debt collection practices violated FCRA, the FDCPA, Ohio Revised Code Chapter 1349, and the OCSPA, as well as constituted IIED. (*Id.* at #36–40). And Crawford seeks injunctive relief, actual damages, statutory damages, and punitive damages based on those allegations. (*Id.* at #40–42).

Next, Defendants moved to dismiss Crawford's Complaint under either Federal Rule of Civil Procedure 12(b)(1), (b)(5), or (b)(6), arguing that Crawford (1) did not serve Lawrence or Lackey properly, (2) has not demonstrated standing to sue, and (3) has failed to state a claim on which relief can be granted. (Doc. 8). On the service issue, they argue that the certified mail receipts that are meant to demonstrate Crawford's effecting service on Lawrence and Lackey reveal that the summons was executed at an address in Denver, Colorado, where neither Lawrence nor Lackey works or resides, and that the signature "SBS" on the mail receipts matches neither of their initials. (*Id.* at #58–59). On the standing issue, they assert that their Motion makes a factual attack on jurisdiction. (*Id.* at #59). But more specifically, they contend that Crawford failed to allege a cognizable injury in fact, let alone one that is traceable and redressable, because "[h]e never alleges that a third party viewed what he claims to be an inaccurate credit report, that his credit score

3

suffered or that he was denied credit based on the[se] alleg[ed]" inaccuracies. (*Id.* at #61). In the alternative, Defendants argue that Crawford has not alleged the requisite elements of any of his claims, and that his IIED claim is preempted by FCRA. (*Id.* at #61–65).

Crawford responded. (Doc. 9). First, he argues that he stated his claims with sufficient detail to satisfy notice pleading requirements. (*Id.* at #68–71). Second, he says the Court has personal and subject matter jurisdiction under 15 U.S.C. § 1692(e). (*Id.* at #71–73). Finally, he says he was denied both a new car loan with a lower interest rate and a new credit card because of Defendants' conduct. (*Id.* at #73). So, citing *Krueger v. Experian Info. Sols., Inc.*, No. 20-2060, 2021 WL 4145565 (6th Cir. Sept. 13, 2021), he claims he has standing. (*Id.* at #73). And Crawford attaches five exhibits in support of these arguments: (1) a waiver of service document, which he claims he sent to Defendants; (2) what looks like a printout of part of a credit report with "National Credit Systems; Last reported Jun. 11, 2023" written at the top of the page; (3) a page captioned "Inquiry details" that appears to list five credit inquiries from December 9, 2022; (4) an unauthenticated copy of a letter addressed to Defendants' counsel requesting validation of a debt; and (5) a USPS mailing label. (*Id.* at #76–81).

Defendants have since replied. (Doc. 10). They argue that (1) the Court cannot consider Crawford's allegations that Defendants' actions caused him to be denied a car loan and credit card because he raised them in his Response, (*id.* at #83–84); (2) "to the extent that such allegations had been made in the Complaint, the

4

complaint would remain deficient because there is no allegation that any negative credit information was disseminated," (*id.* at #84–86); and (3) amendment would be futile because an amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim, (*id.* at #86–87).

The matter is now before the Court on the Motion to Dismiss.

## LEGAL STANDARD

As noted above, Defendants move to dismiss both for lack of jurisdiction under Rule 12(b)(1), for failure to effect proper service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). Because jurisdictional issues precede consideration of the merits and because the Court concludes that they are dispositive here, the Court addresses only jurisdiction in this Opinion. *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1) as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first[.]" (cleaned up)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[C]hallenges to standing are properly brought under Fed. R. Civ. P. 12(b)(1) for a lack of subject-matter jurisdiction." *Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *2 (6th Cir. Nov. 6, 2023). And when a defendant challenges the Court's jurisdiction under Rule 12(b)(1), "the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *Courtney v. Smith*,

5

297 F.3d 455, 459 (6th Cir. 2002) ("[T]he plaintiff, as the party invoking federal subject matter jurisdiction, has the burden of persuading the court that all of the requirements necessary to establish standing to bring the lawsuit have been met."). Further, a dismissal under Rule 12(b)(1) is without prejudice because it "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A challenge to the court's subject-matter jurisdiction under Rule 12(b)(1) can be either facial or factual. *Id.* "A *facial* attack … merely questions the sufficiency of the pleading." *Id.* The standard for whether a "complaint [] allege[s] jurisdiction adequately" is whether it "contain[s] *non-conclusory* facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (emphasis added). "When ruling on a motion to dismiss for lack of standing or a facial challenge to its subject-matter jurisdiction under Rule 12(b)(1), the district court must accept all material allegations of the complaint as true." *Phillips v. Trump*, No. 18-6341, 2019 WL 7372704, at *1 (6th Cir. Nov. 20, 2019).

"On the other hand, when a court reviews a … *factual* attack … no presumptive truthfulness applies to the factual allegations." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. And when reviewing a factual attack on jurisdiction courts may consider sources outside the pleadings. *Id.*("[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed

jurisdictional facts."); *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) ("[T]he court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits.").

One more thing worth noting: Crawford is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

## LAW AND ANALYSIS

The Court must have jurisdiction over this case to reach the merits. The Court agrees with Defendants, though, that jurisdiction is lacking here, as Crawford lacks standing to bring this case based on the allegations in his Complaint. But Crawford may be able to cure those deficiencies by filing an amended complaint. So, as explained below, the Court dismisses the case without prejudice and grants Crawford thirty days to seek leave to file an amended complaint.

To begin, the Court notes that Defendants characterize their Motion to Dismiss as mounting a factual attack on the Court's jurisdiction. (Doc. 8, #59). But that description does not match the content of the Motion. "A factual challenge attacks the

7

factual allegations underlying the assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts." *Lindke v. Tomlinson*, 31 F.4th 487, 490 n.1 (6th Cir. 2022) (cleaned up). But Defendants have not filed an answer or presented competing facts in their Motion to Dismiss—let alone in any other filing. And the Motion to Dismiss attacks the sufficiency of the pleadings—the definition of a facial attack on jurisdiction. (*E.g.*, Doc. 8, #61 ("[Crawford] never alleges that a third party viewed what he claims to be an inaccurate credit report, that his credit score suffered or that he was denied credit based on the allegations in his complaint. Thus, there simply are no actual damages alleged in Crawford's complaint.")). Further, in their alternative argument for a Rule 12(b)(6) dismissal, Defendants say "[t]here is no genuine issue of material fact." (*Id.* at #62). How could that be the case if Defendants were presenting competing facts? So the Court treats the Motion to Dismiss as making a facial attack on jurisdiction, rather than a factual attack. Accordingly, it accepts all material allegations in the Complaint as true when ruling on the Motion to Dismiss. *Phillips*, 2019 WL 7372704, at *1.

"Standing stems from the Constitution's mandate that federal courts may decide only 'Cases' or 'Controversies.'" *Vonderhaar v. Vill. of Evendale*, 906 F.3d 397, 400–01 (6th Cir. 2018) (citing U.S. Const. art. III, § 2, cl. 1). Consistent with that constitutional limitation, standing is designed to ensure that courts decide live disputes, rather than "issue advisory opinions or address statutes 'in the abstract.'" *L.W. ex rel. Williams v. Skrmetti*, 73 F.4th 408, 415 (6th Cir. 2023) (quoting *California v. Texas*, 141 S. Ct. 2104, 2115 (2021)).

8

Because standing is a prerequisite to subject-matter jurisdiction, a court may (indeed, has an obligation to) evaluate the issue at any time, even sua sponte. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). Under the familiar refrain, standing requires a plaintiff to make three showings: "(1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'" *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

To meet the first prong, a plaintiff must show a concrete and particularized, actual past injury or imminent future injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). "By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1. By contrast, "a 'generalized grievance,' no matter how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). And a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 578 U.S. at 342. Nor can he show standing based on self-inflicted harm without showing another concrete injury that is either current or certainly impending. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[Plaintiff] cannot manufacture standing merely by inflicting harm on [himself] based on [his] fear of hypothetical future harm that is not certainly impending.").

The Complaint alleges "FDCPA [violations], FCRA [violations], and damage to plaintiff's creditworthiness by other conspirators, agents, servants and employees."

9

(Doc. 3, #34). Ultimately, none suffice to establish an injury in fact sufficient to support Article III standing.

Start with the alleged FDCPA violations. A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at 341. So any alleged FDCPA violation does not confer Article III standing unless Crawford can show that another, concrete harm resulted from the statutory violation. The same goes for the other statutes—FCRA, Chapter 1349, and the OCSPA—that Crawford alleges Defendants violated. Further, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). That is a problem for Crawford because "[t]he risk of future harm on its own is not enough to support Article III standing for … [his] damages claim" without additional allegations making it plausible that such future risk will manifest and that exposure to the risk itself caused him to suffer an independent harm. *Id.* at 441. Thus, even though "a person exposed to a [sufficiently imminent and substantial] risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring," *id.* at 435, Crawford cannot show standing to bring his damages claims based purely on his reference to the risk of future harm. Nor can he rely on such risk to support claims for injunctive relief unless he pleads a "sufficiently imminent and substantial" risk of harm. *Id.* Indefinite, unspecified future harms, which is all that Crawford alleges here, are not enough.

The remaining injuries that Crawford posits fare no better. "In order for [a] complaint to allege jurisdiction adequately, it must contain *non-conclusory* facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp.*, 673 F.3d at 440 (emphasis added). Crawford claims that he suffered injuries to his character or creditworthiness (akin to a claim of defamation). But the Complaint itself makes only conclusory claims to that effect and does not allege that any third party saw the credit report. (The Court discusses the new allegations from the Response below.) Nor does the Complaint allege that Crawford's credit score suffered because of Defendants' conduct, or that he was denied credit based on the conduct at issue. Absent at least some factual allegations along these lines, the Complaint's assertions of defamation-type harms (which necessarily arise from communications to others, Restatement (First) of Torts § 577, cmt. a (2023) ("[P]ublication … is essential to liability.")) are merely conclusory allegations of harm that do not suffice to confer standing. *Id.*; *TransUnion*, 594 U.S. at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."). So Crawford's assertion of damage to character is also a nonstarter.

The Complaint perhaps comes a bit closer where it alleges that Crawford has suffered "emotional distress." (Doc. 3, #40). The Supreme Court has at least left open the possibility that current, severe emotional distress stemming from the risk of future transmission of inaccurate information about Plaintiff's creditworthiness might be enough to support Article III standing. *See TransUnion*, 594 U.S. at 436 n.7

11

("[A] plaintiff's knowledge that he or she is exposed to a risk of future physical, monetary, or reputational harm could cause its own current emotional or psychological harm. We take no position on whether or how such an emotional or psychological harm could suffice for Article III purposes[.]"). But even if such harm, properly pleaded, could suffice, Crawford's conclusory emotional distress allegation in his Complaint is insufficient absent additional, necessary, "non-conclusory facts," such as explaining how his severe distress manifested or concrete allegations supporting his conclusory assertion regarding Defendants' malicious intent. *Carrier Corp.*, 673 F.3d at 440. In short, none of the injuries Crawford alleges in his Complaint support Article III standing.

The new allegations that Crawford raises in his response brief are more promising. Denial of credit due to Defendants' conduct is just the type of concrete injury that can support Article III standing. *TransUnion*, 594 U.S. at 432–33, 437; *Krueger*, 2021 WL 4145565, at *2. But those allegations needed to be in the Complaint to count. True, Defendants state that their Motion to Dismiss is a factual attack on jurisdiction, (Doc. 8, #59), which would allow consideration of materials beyond the Complaint's allegations. But, as discussed above, the Court concludes that the Motion is a facial attack on jurisdiction. And "[a] facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Riley v. Gen. Motors, LLC*, 591 F. Supp. 3d 259, 266 (S.D. Ohio 2022) (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325). So the Court may not consider the new factual allegations or supporting exhibits in Crawford's Response when ruling on the Motion to Dismiss.

12

*Spencer v. Cleveland Clinic Found.*, No. 1:21-cv-01909, 2022 WL 2954175, at *13 (N.D. Ohio July 26, 2022) ("The Court … cannot consider [Plaintiff's] new … factual allegations in [his] Opposition, or the … exhibits appended to [his] Opposition, when ruling on a Rule 12 motion."). Accordingly, the new factual allegations in the Opposition cannot help Crawford survive dismissal for lack of standing at this stage. That said, the Court could consider them if they were included in an amended complaint.

Last, the Court considers Defendants' argument that it should deny Crawford leave to amend because amendment would be futile (putting to the side for the moment that Defendants raised this argument for the first time in their reply, which is improper, *Curcio Webb LLC v. Nat'l Benefit Programs Agency, Inc.*, 367 F. Supp. 2d 1191, 1207 n.28 (S.D. Ohio 2005)). (Doc. 10, #86). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Here, though, even if Crawford *has not* pleaded enough facts to withstand a Rule 12(b)(6) motion to dismiss (something on which the Court takes no stance because it decides the Motion to Dismiss on jurisdictional grounds), it is not at all clear that he *cannot possibly do so* in an amended complaint. *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) ("Generally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (cleaned up)). After all, the Court has no way of knowing if Crawford has pleaded all the facts at his disposal. Defendants' assertion

that an amended complaint could not possibly survive a 12(b)(6) motion to dismiss appears to be based solely on what Crawford has pleaded in his existing Complaint—again, a determination that does not necessarily encompass everything Crawford could possibly plead. Further, Courts should particularly favor a dismissal without prejudice when dealing with pro se litigants, such as Crawford. *Id.* at 614–15 ("Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." (citation omitted)). So the Court declines Defendants' invitation to deny Crawford leave to amend his Complaint.

In sum, pure statutory violations, without more, are simply not enough. Crawford must plead existing, concrete injuries or imminent future injuries. His Complaint does not do so. But an amended Complaint in which he pleads all the facts at his disposal might be able to clear that hurdle and to allege each of the elements of his claims. So the Court dismisses the Complaint without prejudice for lack of standing. But it grants Crawford thirty days to seek leave to file an amended complaint incorporating the factual allegations that he raised in his Response. And consistent with that, the Court stresses that it is dismissing the Complaint, not the action. The Court specifies that it is dismissing the Complaint, rather than the action, because "[a] dismissal of the complaint … is ordinarily a non-final, nonappealable order (since amendment would generally be available)." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) (citation omitted). In contrast, "[w]here the

14

district court dismisses an action without prejudice, the order is final and appealable." *Id.* (cleaned up).

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 8). The Court thus **DISMISSES** Crawford's Complaint (Doc. 3) **WITHOUT PREJUDICE** for lack of standing. The Court further **GRANTS** Crawford thirty days to seek leave to file an amended complaint addressing the deficiencies set forth above, in which motion he is to attach that proposed amended complaint. During that time, this Court retains jurisdiction over this action.

**SO ORDERED.**

January 16, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**