UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HASSAN CRAWFORD,

    Plaintiff,

  v.

JAMES LAWRENCE, *et al.*,

    Defendants.

Case No. 1:23-cv-192

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

Hassan Crawford sued National Credit Systems, Inc. (NCS), and two of its employees—James Lawrence and Joel Lackey—for allegedly engaging in unlawful debt collection practices. (*See generally* Compl., Doc. 3). On January 16, 2024, the Court granted Defendants' Motion to Dismiss (Doc. 8) and dismissed Crawford's Complaint without prejudice for lack of standing. (Op. and Order, Doc. 13, #142). But because it determined Crawford might be able to address the deficiencies in the Complaint by pleading additional factual allegations, it granted him thirty days to seek leave to file an amended complaint, and it retained jurisdiction over this matter during that time. (*Id.* at #141–42). Now, as of March 18, 2024—more than two months later—he has not sought such leave. Based on that failure, the Court concludes that under Federal Rule of Civil Procedure 41(b), it should now dismiss the action, rather than merely the Complaint.

Federal Rule of Civil Procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999)

(quoting Fed. R. Civ. P. 41(b)). Such dismissal is a tool for courts "to effect management of [their] docket[s] and avoid[] [] unnecessary burdens on the tax-supported courts [and] opposing parties." *Id.* at 363 (cleaned up). Courts consider four factors when deciding whether to dismiss a case for failure to prosecute: (1) "whether the party's failure is due to willfulness, bad faith, or fault"; (2) prejudice to the opposing party; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal;" and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* "[T]ypically none of the factors is outcome dispositive." *Id.* And although dismissal "is a harsh sanction" reserved for "extreme situations," "dismissal without prejudice is a comparatively lenient sanction, which is reviewed under a more relaxed standard." *Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022) (cleaned up).

On balance, the four *Knoll* factors support dismissing this case without prejudice. First, as noted, Crawford has failed to timely respond to the Court's previous Opinion and Order. True, mail sending that Opinion and Order to Crawford was returned as undeliverable. (Doc. 14). But it was Crawford's responsibility to update the Court of any changes in his address. *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se Plaintiff's] address changed, []he had an affirmative duty to supply the court with notice of any and all changes in h[is] address."). And nothing in the docket suggests anyone other than Crawford is at fault for his failure to timely respond. So the first *Knoll* factor favors dismissal.

2

The second factor, on the other hand, does not support dismissal because there is no evidence that Defendants were prejudiced by Crawford's failure to respond. *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide."). But the third factor once again counsels in favor of dismissal because Crawford was on notice that failure to update his address could lead to the Court dismissing his case. (Doc. 2, #30 ("Plaintiff shall inform the Court promptly of any changes in Plaintiff's address which may occur during the pendency of this lawsuit.")); S.D. Ohio Guide for *Pro Se* Civ. Litigants 14 (Feb. 13, 2017) ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information. **If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution.**") (emphasis in original). Finally, in regard to the fourth factor, because the Court has already dismissed the Complaint, making that dismissal apply to the action as a whole does not impose any meaningful sanction on Crawford, as he remains free to file a new action if he wishes. So it is not clear what "less drastic sanction" would be available. Accordingly, the four *Knoll* factors, taken together, support dismissal for failure to prosecute.

In short, based on the Court's previous determination that the Complaint fails to state a claim, coupled with Crawford's failure to timely seek leave to file an amended complaint, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

Accordingly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

  **SO ORDERED.**

| | |
|---|---|
| March 18, 2024 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |

4